1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aircraft Mechanics Fraternal Association, | No. CV-16-04435-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Southwest Airlines Company, | |
| Defendant. | |

Pending before the Court is Defendant Southwest Airlines Company's ("Southwest") Motion to Transfer, (Doc. 13). For the following reasons, the Court grants the Defendant's motion and transfers this action to the Northern District of Texas.

**BACKGROUND**

This action arises from Southwest's alleged violations of the Railway Labor Act ("RLA") in current negotiations to amend its collective bargaining agreement ("CBA") with the Aircraft Mechanics Fraternal Association ("AMFA"). (Doc. 18 at 4.) The prior CBA expired in August of 2016, and the current negotiations began soon after. (*Id.*) Amendments to a CBA are governed by Section 2 of the RLA. *See* 45 U.S.C. § 152. The RLA imposes a duty to bargain in good faith. *See* 45 U.S.C. § 152. It also requires carriers to confer and negotiate with the employees' chosen representatives, and not to interfere with the employees' choice of representatives. *See id.* AMFA's Amended Complaint alleges that Southwest is violating these requirements. (Doc. 18.)

The overwhelming majority of the negotiations and mediations at issue in this case, forty-four sessions out of fifty, occurred in Dallas, Texas. (Doc. 13 at 2.) Only one of these sessions occurred in Arizona. (*Id.*) Southwest employs approximately 2,400 employees that are represented by AMFA, and 291 of these work and reside in Phoenix. (Doc. 13 at 4; Doc. 22 at 10.) By contrast, 743 of these employees work and reside in Dallas. (Doc. 13 at 4.) The primary mediator in this case resides in Texas, and Southwest is headquartered in Dallas. (Doc. 13 at 8, 12.) AMFA is headquartered in Colorado. (Doc. 13 at 8.) There are approximately ten AMFA representatives that are highly involved in these negotiations and one of them—Michael Young—resides in Mesa, Arizona. (Doc. 22 at 5; Doc. 13 at 8; Doc. 27 at 1.) The others travel to negotiations from various parts of the country. (Doc. 13 at 8.) Southwest's negotiation team resides in Dallas. (Doc. 13 at 4.)

In light of the Defendant's ties to Texas, the Defendant filed the current motion to transfer soon after the AMFA filed its complaint. The matter is now fully briefed and properly before this Court. (Docs. 13, 22, & 27.)

**DISCUSSION**

**I.    Legal Standard**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[S]ection 1404(a) requires two findings—that the district court is one where the action might have been brought and that the convenience of parties and witnesses in the interest of justice favor transfer." *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir.1985). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000) (internal quotations omitted). The party making the transfer motion has the burden of showing that transfer is proper. *See id.* at 499 (holding that district court "did not abuse its discretion in denying the motion to transfer" because the

defendant had "failed to meet its burden of showing that Pennsylvania was the more appropriate forum for the action").

In making this determination, the district court may consider a variety of factors, including: the convenience of the parties, the relative financial burdens, the convenience of witnesses, the availability of compulsory process to compel unwilling witness attendance, the availability of witnesses and their live testimony at trial, the ease of access to sources of proof, the differences in the costs of litigation in the two forums, contacts with the chosen forum, jurisdiction over the parties, the state most familiar with the governing law, the relevant public policy of the forum state, the existence of any forum selection clause, and the relative docket congestion of the courts. *See* 28 U.S.C. § 1404(a); *Jones,* 211 F.3d at 498–99; *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 639 (9th Cir.1988); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.,* 472 F.Supp.2d 1183, 1196 (S.D.Cal.2007).

## II. Analysis

A plaintiff's choice of forum is generally given great deference.[1] *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Therefore, a defendant seeking transfer "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.* The parties agree that this case could have been brought in the Northern District of Texas. (Doc. 13 at 6–7; Doc. 22 at 3.) Thus, the only dispute is whether the weight of the factors indicates that the Plaintiff's choice of forum should be set aside due to the inconvenience caused to the Defendant by litigating this case in the District of Arizona. For the following reasons, the Court finds that transfer is appropriate.

---

[1] Both parties in this case accuse the other of forum shopping. (Doc. 13 at 15; Doc. 22 at 14.) This determination is unnecessary because even giving the AMFA's choice of forum deference; the weight of the *Jones* factors leads this Court to believe that transfer is appropriate in this case. *Jones,* 211 F.3d at 498.

### A. The Convenience of the Parties

Southwest is headquartered in Dallas, Texas. (Doc. 13 at 8.) Southwest's labor relations department, including those currently working on the pending negotiations with the AMFA, work out of the Dallas office as well. (*Id.*) Furthermore, the primary mediator for the negotiations and mediations at issue resides in Texas. It is apparent that it would be far more convenient for Southwest if this action went forward in Texas rather than Arizona.

AMFA is headquartered out of Denver, and has representatives located throughout the country. (Doc. 22 at 7.) Therefore, regardless of whether this case takes place in Texas or Arizona, neither venue is likely to be convenient for the AMFA. However, the overwhelming majority of the negotiations and mediations at issue in this case took place in Dallas, which indicates that northern Texas is not an unduly burdensome forum for the AMFA. Plaintiffs are entitled to deference for their choice in forum, but this factor weighs in favor of transfer.

### B. Convenience of Witnesses

This factor also weighs in favor of transfer. The overwhelming majority of the individuals involved in this case work and reside in Texas, with the exception being Mr. Michael Young. In response, the AMFA asserts that because Southwest is a commercial airline, it could easily fly witnesses from Texas to Arizona to testify at a trial. While this is true, and Southwest can likely mitigate the costs of such travel in a manner that most parties could not, imposing air travel on several witnesses is inconvenient for the witnesses.[2]

---

[2] AMFA also asserts that Southwest failed to meet its obligation to demonstrate that an Arizona forum would be inconvenient to its witnesses because it did not specifically identify who the relevant witnesses are. (Doc. 22 at 9.) Given that Southwest is headquartered in Dallas, its labor relations team resides in Dallas, the primary mediator for the CBA resides in Texas, and the overwhelming number of negotiations occurred in Texas, Southwest presented sufficient information to support its representation to the Court that its witness list will predominantly reflect witnesses that reside in Texas rather than Arizona.

- 4 -

AMFA does not attempt to argue that either Texas or Arizona would be more convenient for its witnesses, as it will have to "bear the expense of flying witnesses no matter what venue is chosen." (Doc. 22 at 8.) This is not an instance where moving the venue due to the inconvenience of one party will merely shift the inconvenience to another: rather, this is an instance where one party will be inconvenienced no matter what, while the other could benefit significantly from a transfer to a more convenient location. This factor weighs in favor of transfer.

### C. Contacts with the District of Arizona

Where another forum has a significant connection to the facts alleged in the complaint, and the chosen forum does not, transfer is appropriate. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118–19 (9th Cir. 2007) (upholding a district court's decision to transfer a case from California where the court "found no significant connection between California and the facts alleged in the complaint"). Such is the case here. Texas has specific contacts with this lawsuit because it is where 88% of the total bargaining sessions and 78% of the total mediations at issue in this dispute took place. (Doc. 13 at 12.)

Arizona, on the other hand, does not have such connections. The AMFA asserts the instant lawsuit has connection to the District of Arizona because Southwest employs 291 individuals here, amounting to 12 percent of its AMFA-represented workforce. (Doc. 22at 11–12.) However, that Southwest employs AMFA-represented individuals in Arizona does not indicate that Arizona has specific contacts to this lawsuit, as Southwest employs such individuals all over the country. (Doc. 13 at 4.) Likewise, the AMFA's assertion that the CBA has implications beyond Texas and Arizona fails to establish a specific connection to Arizona. Therefore, this factor weighs in favor of transfer.

### D. The Location of Evidence and the Relative Financial Burdens

Each of these factors weighs in favor of granting the motion to transfer. The paper records and computer servers at issue in this dispute are located in Dallas, as are the several of the witnesses. (Doc. 13 at 10.) Thus, the location of the evidence makes the

Northern District of Texas the "center of discovery" in this suit. *See Bratton v. Schering-Plough Corp.*, No. CV07-0653-PHX-JAT, 2007 WL 2023482, at *5 (D. Ariz. July 12, 2007) (transferring a case from the District of Arizona to the "center of discovery" in a nationwide lawsuit). The presence of the evidence and the witnesses in Texas also indicates that it would be less expensive to litigate this action in Texas rather than Arizona. *See Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions."). Thus, the location of the evidence and the relative costs between the two venues tips in favor of transfer.

### E. Other Factors

The other factors that this Court may consider are either neutral or inapplicable to the case at hand. Both the District of Arizona and the Northern District of Texas have jurisdiction over the AMFA's Railway Labor Act claims, and both districts are familiar with the governing federal law. Both courts have comparable caseloads at this time, and as Southwest concedes, "this case would be resolved in a timely manner in either district." (Doc. 13 at 13.) Therefore, the relative expertise and congestion of the District of Arizona and the Northern District of Texas have a fairly neutral impact on this analysis. Likewise, there is no forum selection clause at issue in this case, and thus that factor is inapplicable here.

### CONCLUSION

Upon weighing the relevant factors, transfer is appropriate in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer, (Doc. 13), is **GRANTED.**

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the Northern District of Texas.

Dated this 18th day of April, 2017.

_____
Honorable G. Murray Snow
United States District Judge